# BC|LG
## TRIAL LAWYERS

200 Madison Ave., 24th Floor • New York, NY 10016 • (212) 951-0100

---

**MEMO ENDORSED.** June 5, 2024

Application DENIED. The Clerk of Court is respectfully directed to unseal ECF Nos. 38 and 39.

SO ORDERED.

**VIA ECF**
Hon. Analisa Torres, U.S.D.J.
U.S. District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street,
New York, New York 10007

Ona T. Wang    Nov. 13, 2024
U.S.M.J.

Re: Intellectual Asset Group, LLC v. Ignis Innovation Inc. et al., No. 1:23-cv-09127-AT

Dear Judge Torres:

Pursuant to the Court's Individual Rule IV(A)(ii), Plaintiff Intellectual Asset Group, LLC ("IAG") submits this letter motion to seal portions of the following documents in support of Plaintiff's Motion for Default Judgment:

- Declaration of Drew B. Hollander in Support of [Proposed] Order to Show Cause and Exhibits 1, 2, 4, 5 thereto
- Declaration of Paul M. Schwartz in Support of [Proposed] Order to Show Cause and Exhibits 1 and 2 thereto

Defendant 1000582825 Ontario Inc. failed to answer or otherwise respond to the Complaint and is now in default[1], so no party opposes sealing these portions. Plaintiff is filing redacted versions of these documents as well as unredacted versions with the proposed highlighted redactions under seal. In addition, attached to this letter is an Appendix that identifies the parties and attorneys of record who should have access to the sealed documents.

As explained below, the specified portions of the two declarations quote and refer to a Representation Agreement, dated October 12, 2021 (the "Representation Agreement"), as amended by the First Amendment to the Representation Agreement, dated April 14, 2022 (the "First Amendment"). Section 5.8 of the Representation Agreement contains the following confidentiality clause:

> This Agreement and the terms thereof are confidential and shall only be released to a third party by mutual written consent of the Parties. However,

---

[1] Defendant IGNIS Innovation Inc. no longer exists as an entity per the Ontario Ministry of the Attorney General, as noted in the Court's Order at ECF 34 and Plaintiff's Application at ECF 32.

the Parties may disclose the terms of this Agreement if required by law, provided that the disclosing Party so notifies the other Party in sufficiently reasonable time for either of the other Parties to file a motion for a protective order or for similar relief.

The First Amendment does not impact Section 5.8, meaning the terms of the First Amendment are also covered by the same confidentiality clause as the Representation Agreement. As such, the Court granted Plaintiff IAG's prior request to maintain the Complaint, the Representation Agreement, and the First Amendment under seal. ECF No. 3. IAG seeks to seal the two Declarations and corresponding Exhibits cited above for the same reasons.

**Legal Standard for Sealing**

The Court has "supervisory power over its own records and files" and may seal documents after "weighing the interests advanced by the parties in light of the public interest and the duty of the courts." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598, 602 (1978). While there is a presumption of public access to court documents, such access may be overcome when countervailing interests, such as the privacy interests of the parties, outweighs the public interest in disclosure. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). For example, the presumption of access may be overcome where, as here, disclosure of confidential business information would harm the parties' competitive positions in the marketplace. *See, e.g.*, *Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming decision holding party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access...."); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F.Supp.3d 485, 511 (S.D.N.Y. 2015) (allowing sealing of "specific business information and strategies, which, if revealed, 'may provide valuable insights into a company's current business practices that a competitor would seek to exploit.'") (quotation omitted).

**Sealing IAG's Confidential Information**

IAG respectfully submits that the public has no countervailing interest in reviewing the terms of the Representation Agreement and First Amendment. Specifically, the terms of the Representation Agreement and First Amendment contain sensitive business details regarding the terms of IAG's representation of Defendants, which will cause it competitive harm in the marketplace for, among others, sourcing buyers and negotiating the sale of patents. IAG's request is also narrowly tailored by only redacting those portions of the complaint that quote directly from the Representation Agreement and/or First Amendment. IAG's narrowly tailored sealing will allow the public the full right to understand the proceedings before this Court. Accordingly, the Court should grant IAG's Motion to Seal

Respectfully Submitted,

*/s/ Brett E. Cooper*

Brett E. Cooper

Cc: All Counsel of Record (via ECF)

**APPENDIX**

Brett E. Cooper (NY SBN 4011011)
bcooper@bc-lawgroup.com
Drew B. Hollander (NY SBN 5378096)
dhollander@bc-lawgroup.com
**BC LAW GROUP, P.C.**
200 Madison Avenue, 24th Floor
New York, NY 10016
Tel.: (212) 951-0100
Fax: (646) 293-2201

*Counsel for Plaintiff*